HENRY W. BUCK *et al.*

*v.*

EDDIE MADDOCK *et al.*

*Filed at Springfield May 11, 1897.*

1. TRIAL—*trial court may sustain objections to questions which witness has already answered.* The trial court may sustain objections to questions propounded by counsel to a witness which are mere repetitions of those he has already answered.

2. EVIDENCE—*proof that deceased was industrious when sober is proper in action for loss of support.* In an action by minors against a saloon-keeper for loss of support, occasioned by the accidental killing of their father while intoxicated from the effects of liquor furnished by defendant, proof that the deceased was industrious when sober, and showing what he had done to support his family, is proper.

3. SAME—*admissions of "next friend" are inadmissible for purpose of impeachment in absence of proper foundation.* One acting as the next friend of minors is not a party to the suit in such a sense that his admissions made out of court are admissible to impeach his testimony, without a foundation for impeachment having been laid.

4. PLEADING—*recovery for partial loss of support may be had under declaration charging total loss.* Under a declaration in an action against a saloon-keeper for furnishing liquor to plaintiffs' father,

causing him to become intoxicated, in consequence of which he lost his life, which charges a total loss of support, a recovery may be had for a partial loss.

5. INSTRUCTIONS—*mere technical objections to instructions cannot be sustained on appeal.* Objections to instructions which are technical and unsubstantial, and which are too refined for the practical administration of justice, cannot be sustained on appeal.

*Buck* v. *Maddock,* 67 Ill. App. 466, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

A. E. DeMANGE, for plaintiffs in error.

J. J. MORRISSEY, and LIVINGSTON & BACH, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The defendants in error declared against plaintiffs in error in case, alleging that plaintiff in error Buck was the keeper of a dram-shop in a house rented him for that purpose by plaintiff in error Walsh; that he furnished intoxicating liquors to Edward Maddock, father of defendants in error, causing him to become intoxicated, in consequence of which the said Maddock went upon a railroad track, and, failing to exercise proper care for his own safety, was killed by a passing train. A plea of not guilty was filed, and upon trial by jury the issue was found for plaintiffs, and their damages assessed at $1550. The Appellate Court having affirmed that judgment, this writ of error is prosecuted.

After settling the facts adversely to plaintiffs in error the Appellate Court disposed of the questions of law as follows:

"The brief of appellants presents various objections to the action of the court in admitting evidence, but we find nothing substantial in that respect. For example,

it is urged that the court erred in permitting proof that the deceased was industrious when sober, because there was no allegation in the declaration that he was an habitual drunkard, and also in permitting proof of what deceased had done in the way of supporting his wife. Such proof tended to show the ability and disposition of the man, when in a normal condition, to discharge his duties to his family.

"It is urged the court erred in refusing to allow appellants to ask Robbins, on cross-examination, whether he had not been given money by plaintiffs' counsel to get his clothes. The question was general, 'Didn't you get some money paid to get your clothes here?' without any limitation as to where or from whom. He had previously answered several questions on that line, and the court had required one of the questions to be framed so as to state from whom the supposed contribution had come. There was no error in this action of the court, nor in the like ruling on another repeated question as to whether he had not been furnished free drinks at the saloon of a relative of the appellee, he having once answered such a question in the negative. It is within the province of the court to sustain objections to questions which are mere repetitions of those which have been asked and answered.

"It is said the trial court erred in refusing proof of admissions made by the mother of the appellees, who was acting as their next friend in this suit. She is not a party to the suit in such a sense that her admissions or declarations out of court should be received. She was a witness, and if it was desired to prove that she made the supposed statements by way of impeachment, the proper foundation should have been laid by asking her whether she had so stated, fixing the time and place and persons present. This was not done. The point is not well taken.

"Much criticism of the instructions given for plaintiffs is found in the brief, but the objections are mainly based

upon a strained and forced construction of some expressions selected without regard to the context. As to the first, it is said that it is dictatorial and mandatory and coercive,—quite a misapprehension, as we think. Another complaint is, that it permits a recovery if the said Maddock died in consequence of his intoxication, when the declaration avers that he was killed,—an entirely different matter, as counsel suggests. We are unable to appreciate the force of the objection.

"As to the second, the point urged is that it authorizes the jury to assess any damages which they may believe, from the evidence, the plaintiffs had sustained, without a limitation to their loss of support; but the very sentence from which these words are taken is predicated upon an injury to the means of support. Equally unsubstantial are the objections to the third, fourth and fifth.

"As to the sixth, it is urged that it assumes that the defendant Buck did sell liquor to Maddock because the word 'the' precedes the words 'intoxicating liquor,' etc. A further objection is, that the instruction assumes that in the death of their father the appellees had sustained damage to an amount in the loss of means of support. Both objections are too refined for the practical administration of justice.

"A third objection urged to this instruction is, that it advises the jury they might allow exemplary damages if they found that defendant Buck in person gave Maddock intoxicating liquors when he was already under the influence of such liquors, thereby causing the drunkenness complained of. As applied to the evidence that Buck gave Maddock ten or fifteen drinks of beer and whisky within a period of an hour and a half, during a part of which time 'he was under the influence of liquor,' the instruction was not improper. (*Betting* v. *Hobbett*, 142 Ill. 72.) Counsel argue that the phrase, 'under the influence of liquor,' is too vague, and is not equivalent to 'drunk' or 'intoxicated.' This expression is often used as a mere

euphemism of those harsher terms, and is generally un-
derstood to mean the same thing.    But were this not so,
when the instruction is read in the light of the evidence
offered by plaintiff the objection is not tenable.    If one
plies another with so much drink within so short a time,
the effect being apparent, his action is within the reason-
ing and principle of the rule as laid down by the Supreme
Court in the case cited.    In this connection complaint is
made of an instruction given by the court on its own mo-
tion, to the effect that vindictive or exemplary damages
could not be awarded unless the plaintiffs had a case en-
titling them to actual damages, to which we perceive no
valid objection.  If the proof just referred to was credited
by the jury, they would have been warranted in giving
exemplary damages; yet, as already observed, it is by no
means to be assumed that the verdict necessarily includes
such an allowance.

"It is urged that the seventh is obscure, and that it
assumes that the intoxication was the cause of the death,
and that there was some injury to the means of support.
There is no obscurity nor any harmful assumption.    It
was not doubtful that the death was caused by the intox-
ication, and the instruction in terms limited the recovery
to such injury to means of support as was shown by the
evidence.

"To the ninth it is objected, that in stating to the jury
that it is the duty of a father to support and educate his
minor children if able to do so, the instruction tended to
advise the jury that there was testimony that the father
did support the plaintiffs, and was therefore misleading.
We think not.    Moreover, the instructions given at the
instance of defendants were very full and positive to the
effect that whatever may be the legal duty of a father,
these plaintiffs could be allowed only for such loss as
they had sustained in view of the character, habits and
ability of their father, as shown by the proof.

"Error is urged upon the modification of two instructions, by adding the words 'and means of support' after the word 'loss' in one, and by adding the words 'in whole or in part' after the word 'support' in the other. It is said the first modification blunted the point of the instruction, and rendered it meaningless. We see nothing in the objection. It is said as to the second modification, that the declaration averred a total loss of support, and that this instruction, as so modified, would permit a recovery for a partial loss of support, which counsel suggest cannot be done. The greater includes the lesser, the whole includes a part.

"As to the first refused instruction, the brief answers the objection. The point was embodied in the defendant's third, which was given. It is urged the second refused instruction should have been given. The point thereof is sufficiently covered by the last clause of the third, and by the seventh and eighth, which were given. No further objections are made in the brief."

The principal argument on behalf of plaintiffs in error is the same in this court as that filed in the Appellate Court. We have carefully examined it, and the parts of the record referred to therein, and find no sufficient reason for dissenting from the views expressed in the opinion of the Appellate Court. An additional argument is filed here, in which it is earnestly contended that the first instruction given on behalf of plaintiffs below is in conflict with the decision of this court in *Hanewacker* v. *Ferman*, 152 Ill. 321, in which an instruction somewhat similar was condemned. In that case the instruction was held to be erroneous because it told the jury that it was their sworn duty, in a proper case, to enforce the statute, it being thought that a jury would understand from the instruction "that it was their duty to award such damages as are allowable, as a punishment,—or, in other words, vindictive or punitive damages." The instruction here criticised does not say that it is the sworn duty of the

jury to enforce the statute, but simply informs them that if they believe, from the evidence in this case, that the defendants, or any of them, contributed to the intoxication of plaintiffs' father, if such intoxication has been proved, and that in consequence of such intoxication their father died as alleged in the plaintiffs' declaration, and that the plaintiffs have been injured in their means of support by reason of such death, then the jury shall find for the plaintiffs, against such defendant as has been proved to have contributed to such intoxication, in whole or in part. It does not indicate what damages the jury should award the plaintiffs, but that subject is left entirely to other instructions given, and the court, of its own motion, expressly told the jury that they could not give exemplary or punitive damages unless they found, from the evidence, that the plaintiffs were entitled to recover actual damages. Also, at the instance of the defendants they were instructed, that even if the plaintiffs had made out their case by a preponderance of the evidence, "they are entitled to recover no more than nominal damages, unless they have proven, by a preponderance of the evidence, that the death of Edward Maddock was a direct loss to their means of support, and if they have made such proof they are only entitled to recover their actual loss in money which you may believe is shown by the evidence, if any such loss is shown by the evidence." This instruction is much more favorable to the defendants than the law would justify, taking away from the jury entirely the allowance of punitive damages.

While the propriety of telling the jury that the law shall or should be enforced may well be doubted, the instruction in this case, in so far as it directs the jury as to their duty in arriving at a verdict is concerned, is free from objection, and, if it stood alone, could not be reasonably understood by a jury as authorizing the allowance of other than actual damages. But certainly, in view of the other instructions given, even if it had contained the

expression condemned in the case cited, no reversible error would have resulted.

Accepting the facts of this case as conclusively settled in favor of the plaintiffs below, there is no reversible error shown, and the judgment of the Appellate Court should be affirmed.                    *Judgment affirmed.*