(No. 24652.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOIS DENT, Plaintiff in Error.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

SHAW, C. J., and STONE and WILSON, JJ., dissenting.

HENRY C. FERGUSON, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

The conviction of Lois Dent in the municipal court of Evanston on a charge of knowingly possessing a policy-book, numbers and slips, has been attacked in this court on constitutional grounds.

Two police officers suspected defendant of running a policy game and visited her home in July, 1937. In response to their ringing of the doorbell some one in the

house said, "Come in." They entered and found defendant and a woman companion seated at a table in the dining-room. On this table, in open view, were the book, numbers and slips; these the officers seized as evidence and arrested defendant. When the officers stood at the doorway ringing the bell, defendant could not see them and they could not see her or the table. They admitted the articles on the table could not be identified as paraphernalia of a policy game until they were examined. The identity of the visitors as police officers was not disclosed to defendant until they were in her presence. They had no search warrant. She denied giving the invitation to enter, but admitted her companion did so. One officer said defendant told them to "Come in."

Proper steps were taken by defendant to suppress the evidence because it had been obtained by an unlawful search and seizure in contravention of her rights under the Federal and State constitutions. The trial court would not suppress the evidence on the ground no search had been made by the officers.

We cannot presume from the record the officers entered upon the invitation of defendant. Even though the invitation to enter was made by one in the presence of defendant, the evidence does not establish the invitation was extended with the permission of defendant. The gist of the act of invitation by another to enter the premises without a search warrant is that the invitation must be extended under specific authorization. (*People* v. *Lind,* 370 Ill. 131, and cases cited.) If anyone may indiscriminately waive the rights of another, the waiver is not a personal one; hence the constitutional privilege would be of no value. (*Hays* v. *State,* 38 Okla. Cr. 331, 261 Pac. 232.) In *Gouled* v. *United States,* 255 U. S. 298, 65 L. ed. 647, we find a case applicable upon the facts and law to the one before us. Defendant, with others, was there suspected of conspiracy to defraud the United States through contracts with it for clothing and

equipment. One Cohen, a private in the army and attached to the Intelligence Department, was a business acquaintance of defendant. Under the direction of his superior officers, Cohen, while pretending to make a friendly call on defendant, secretly searched his files and abstracted therefrom a certain instrument the government later sought to use as evidence against him in a criminal trial. The court there held such search and seizure illegal where admission was obtained by stealth and fraud.

Here, the officers did not disclose their identity when seeking admission to the home of defendant. Under those circumstances, their actions were fraudulent and even if she had given them permission to enter, in ignorance of their official character and purpose, such entrance would have been illegal. The record intensifies the illegal act, for the conflicting evidence does not establish, as a fact, that defendant told them to enter.

The lower court erred in refusing to grant the motion of defendant to suppress the evidence. The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE SHAW, dissenting:

Constitutional prohibition does not extend to all searches and seizures but only to unreasonable ones. (*People* v. *Mc-Gurn,* 341 Ill. 632; *People* v. *Patterson,* 354 id. 313; *People* v. *Marvin,* 358 id. 426.) There was no search in this case within the meaning of our holding in *People* v. *Marvin, supra,* in which we pointed out that a search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. The officers in this case were invited to enter. They did so without force, fraud or trickery, and, having entered, they performed their exact and obvious duty. The judgment should be affirmed.

Mr. Justice Stone, also dissenting:

The rule announced in the majority opinion, concerning the legality of the entrance of the officers into the defendant's house, is, in my opinion, a drastic innovation unsupported by judicial opinion. The householder has a right to inquire who seeks admission to his home, and the purpose of his errand, and if he chooses to invite in the person standing at his door without requiring such information, it seems strange reasoning to say or infer that such entrance is illegal or that the officers were guilty of fraud or subterfuge, because they did not announce, unasked, that they were officers and why they were there. The holding of the majority opinion that permission to enter, given in ignorance of the identity and purpose of those seeking admission, renders such entrance illegal, not only is an unreasonable restriction upon officers of the law, unnecessary to preserve the constitutional safeguards of the citizen, but puts a premium upon such a plea of ignorance since, no matter how false such plea, it is usually impossible of refutation.

Mr. Justice Wilson concurs in this dissenting opinion.