SECURITY SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, *v.* THE COMMISSIONER OF SAVINGS AND LOAN ASSOCIATIONS FOR THE STATE OF ILLINOIS *et al.*, Defendants-Appellees.

Third District   No. 79-18

Opinion filed October 25, 1979.—Rehearing denied November 26, 1979.

Richard Whitman, of Kritzer, Stansell, Critser & Whitman, of Monmouth, for appellant.

William J. Scott, Attorney General, of Chicago (Myra Turner, Paul J. Bargiel, and Stephen J. England, Assistant Attorneys General, of counsel), for appellee Commissioner of Savings & Loan Associations.

Donald E. Tolva and Thomas B. Cassidy, both of Martin, Craig, Chester & Sonnenschein, of Chicago, and Larry L. Spears, of Hottle & Spears, of Monmouth, for appellee Home Savings and Loan Association.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Security Savings and Loan Association (hereinafter Security), commenced this action by filing a complaint in the circuit court of Warren County against defendants, Commissioner of Savings and Loan Association for the State of Illinois (hereinafter Commissioner) and Home Savings and Loan Association (hereinafter Home), seeking judicial review under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 et seq.) of the Commissioner's approval of Home's application to change the location of its business office to Monmouth and maintain a facility in Galesburg. After briefing and argument, the trial court filed a memorandum opinion and order upholding the Commissioner's decision. On appeal, Security contends the decision of the court should be reversed as contrary to the manifest weight of the evidence and violative of the provisions against branching in the Illinois Savings and Loan Act (Ill. Rev. Stat. 1977, ch. 32, par. 709(b), (c)).

On June 3, 1977, Home filed with the Commissioner an application to relocate its business office to 122 West Boston Avenue, Monmouth, Illinois, and to maintain an existing facility at its present business office location at 50 East Main Street, Galesburg, Illinois. Objections to these applications were filed by Security on July 18, 1977, and on August 29, 1977, the Commissioner appointed a hearing officer and notified all

parties of a hearing date for the purpose of receiving evidence as to the merits of the objections. On August 31, 1977, Security requested permission of the hearing officer to take the discovery deposition of Home's president, Richard Johnson, and the deposition was subsequently taken on September 17, 1977.

At the hearing of October 5, 1977, Security presented its objections. In broad outline, it contended that Home's proposed relocation was a "sham and a subterfuge" not based upon any actual intent to relocate, that no need could be demonstrated for another thrift institution in Monmouth, and that it would be unduly injured if Home's application were approved. As evidence of its first contention, our only concern in this appeal, Security offered excerpts from the deposition of Richard Johnson into evidence as party admissions. Home objected to their admission on the grounds that the offered statements did not constitute admissions and that the deponent's availability as a witness precluded their use. The hearing officer accepted a transcript of the testimony but reserved his ruling on the admissibility of the offered excerpts. Although requested to do so at the conclusion of the hearing, he did not rule on the admissibility question at that time.

On November 10, 1977, the hearing officer submitted his report to the Commissioner, recommending that Home's application be approved. In that report he found that the excerpts from the deposition were inadmissible into evidence. In his discussion of the issue he stated this procedure would be "unfair" and that the "proper procedure of questioning the witness at the hearing would have provided fairness while affording all parties due process." As the excluded excerpts contained the only evidence relating to the subterfuge issue, no evidence whatsoever was admitted in support of Security's contention and the hearing officer found that the relocation application was "not a subterfuge to avoid the anti-branch banking laws." At the conclusion of his discussion of this issue, he noted:

> "The Commissioner is well aware of what transactions are transpiring here, and has thus seen fit to authorize and approve publication of notice of the relocation on March 31, 1977. This procedure is within the purview of Section 1—9(b) of the Illinois Savings and Loan Act."

On November 28, 1977, the Commissioner approved the applications.

Security thereafter noticed its intent to seek review under the Administrative Review Act and on December 28, 1977, filed its complaint. Pursuant to section 9(b) of the Act (Ill. Rev. Stat. 1977, ch. 110, par. 272(b)), the Commissioner filed the record of proceedings under review as his answer but did not include the excerpts of the Johnson discovery

deposition as it was not admitted into evidence at the administrative hearing. Security thereafter attached and referred to the excerpts to its circuit court brief, and Home moved to strike these inclusions. The trial court granted Home's motion and denied Security's subsequent motion to vacate the denial on the grounds that the hearing officer's ruling of inadmissibility was procedurally and legally correct and therefore the inclusion of the excerpts as part of the record "is of no consequence." Accordingly, the court found no proof of irregularity or branch banking and upheld the Commissioner's decision.

Under the Illinois Savings and Loan Act, the Commissioner is empowered to "establish such regulations as may be reasonable or necessary to accomplish the purposes of this Act." (Ill. Rev. Stat. 1977, ch. 32, par. 841.2(b)(2).) Pursuant to this authority, the Commissioner has adopted a set of rules and regulations, article XIV of which details administrative hearing procedures. Section 16(d) of that article provides:

"All depositions and interrogatories taken pursuant to this Rule shall be for purposes of discovery only, except as herein provided. Such depositions and interrogatories may be used for purposes of impeachment and as admissions of the deposed or interrogated party. Upon application to the Hearing Officer either before or after the taking of such deposition or interrogatories and upon a showing that at the time of the hearing, the party deposed or interrogated will not be available to participate in the hearing because of death, age, sickness, infirmity, absence from the country or other exceptional circumstances, the Hearing Officer may order that the deposition or interrogatories be used as evidence in the hearing."

Under section 16(d) it is clear that depositions may be used as admissions of the deposed party. At issue is the manner in which they may be used. Section 20 of article XIV of the Commission's rules and regulations provide in pertinent part:

"(a) The Hearing Officer shall receive evidence which is admissible under the law of the rules of evidence of Illinois pertaining to civil actions. In addition, the Hearing Officer may receive material, relevant evidence, which would be relied upon by a reasonably prudent person in the conduct of serious affairs, which is reasonably reliable and reasonably necessary to resolution of the issue for which it is offered; provided that the rules relating to privileged communications and privileged topics shall be observed.

                                    * * *

(c) When the admissibility of disputed evidence depends upon

an arguable interpretation of substantive law, the Hearing Officer shall admit such evidence.

❋ ❋ ❋"

Under section 20(a), it is clear that the hearing officer has substantial discretion in admitting evidence not excluded by privilege. Under that subsection and subsection 20(c), it is also clear that the admission of evidence which would be admissible or arguably admissible in a civil action is mandatory. The question before us is thus whether the offered deposition excerpts would be admissible or arguably admissible in such an action.

In its memorandum opinion, the trial court stated that the excerpts were properly excluded as the deponent was not confronted with his statements and was available to testify at the hearing. To determine whether its ruling was correct, we must turn to the rules of evidence pertaining to civil actions.

■■ When they are relevant to, and have a material bearing on, the issues in the case, admissions are ordinarily admissible as original or substantive evidence of the truth of the statements made or of the existence of any facts which they have a tendency to establish. (18 Ill. L. & Prac. *Evidence* §131 (1956); see Cleary, Handbook of Illinois Evidence §17.11, at 280 (2d ed. 1963); Gard, Illinois Evidence Manual 208 (1963); Hunter, Trial Handbook for Illinois Lawyers §69.1, at 653 (4th ed. 1972).) An admission made by a party, or an officer or agent of a party in a discovery deposition, is admissible in the same manner and to the same extent as any other admission made by that person. Ill. Rev. Stat. 1977, ch. 110A, par. 212(a)(2).

■ Admissions by a party to an action may be received in evidence against him without his being examined previously as to such admissions and generally no predicate or foundation need be laid for the proof of an admission as direct and original evidence. (18 Ill. L. & Prac. *Evidence* §191 (1956); see Cleary, Handbook of Illinois Evidence §17.11, at 280 (2d ed. 1963); Hunter, Trial Handbook for Illinois Lawyers §69.1, at 653 (4th ed. 1972).) In *Ritenour v. Police Board* (1977), 53 Ill. App. 3d 877, 369 N.E.2d 135, the hearing officer reserved his ruling on the admissibility of the plaintiff's signed statement until after the plaintiff had testified. The statement had been offered into evidence and plaintiff objected that it was a record of a conversation that should have been established by oral testimony. The court ruled that the statement was properly received as an admission of a material fact, was substantive evidence, and did not require a preliminary examination. In *Ryan v. McEvoy* (1974), 20 Ill. App. 3d 562, 315 N.E.2d 38, the defendant claimed the trial court properly rejected an officer's testimony regarding a conversation because no

proper foundation was laid. After noting a foundation is necessary when a statement is offered as a prior self-contradiction, the court stated:

"* * * But this type of foundation requirement is generally not applicable to a proffer of the admissions of a party. (IV Wigmore, Evidence, section 1051 at p. 12ff (Chadbourn rev. 1972); see *Buck v. Maddock*, 167 Ill. 219, 47 N.E. 208.) And we are unable to conceive of any other reasonable theory that would completely exclude evidence by a disinterested objective witness of voluntary, material admissions of a party against his interest which might tend to support the other side's theory of the case. See *Casey v. Burns*, 7 Ill. App. 2d 316, 325, 129 N.E.2d 440, 445; see also *Barrows v. Midwest Transfer Co.*, 4 Ill. App. 2d 191, 124 N.E.2d 20." (*Ryan v. McEvoy* (1974), 20 Ill. App. 3d 562, 566, 315 N.E.2d 38, 41.)

As the excerpts in question were offered as admissions, no predicate or foundation was required for their use as direct and substantive evidence.

Having determined no foundation was necessary, we turn to the question of whether it was proper to directly introduce the deposition excerpts into evidence. As the objections to the use of the excerpts at the administrative hearing did not include an objection on the ground the questions and answers should be read into the record, we do not reach that issue on appeal. An objection on specific grounds waives the right to object later on other grounds. *People v. Brengettsy* (1962), 25 Ill. 2d 228, 184 N.E.2d 849.

■■■ Discovery depositions may be used for the purpose of impeaching the testimony of the deponent as a witness, as an admission made by a party, and for any purpose for which an affidavit may be used. (16 Ill. L. & Prac. *Discovery* §18 (1971).) An admission made by a party, or an officer or agent of a party in a discovery deposition, is admissible in the same manner and to the same extent as any other admission made by that person. (Ill. Rev. Stat. 1977, ch. 110A, par. 212(a)(2).) In *Home Life Insurance Co. v. Franklin* (1940), 303 Ill. App. 146, 24 N.E.2d 875, the plaintiff caused the depositions of the defendant and his wife to be taken. After both defendant and his wife had testified at trial, the defendant himself offered both depositions into evidence. The court held that this was an improper practice in this situation but added the depositions "could be used for proper purposes, such as impeachment, or possibly admissions * * *." (*Home Life Insurance Co. v. Franklin* (1940), 303 Ill. App. 146, 151, 24 N.E.2d 875, 876.) In *Rose v. Chicago* (1942), 317 Ill. App. 1, 45 N.E.2d 717, the plaintiff caused the deposition of the president of the co-defendant company to be taken and subsequently offered the deposition into evidence. Noting that "certain of the answers were in the nature of admissions," the court found no merit in the contention this

practice constituted error. *Rose v. Chicago* (1942), 317 Ill. App. 1, 35, 45 N.E.2d 717, 732.

Neither is it necessary that the person making an admission be unavailable as a witness. In fact the person making the admission is usually present in court, and this makes no difference with respect to a statement's admissibility. (Gard, Illinois Evidence Manual 207 (1963).) In both the *Home Life* and *Rose* cases, the deponents were present at trial and in the latter case the court discussed the forerunner of present Supreme Court Rule 212:

> "We find nothing in Rule 19 that supports defendant's contention that the only way in which the deposition could be used was for plaintiff to call Hogan to the stand as an adverse witness and 'to use his answers in the discovery proceedings before trial for the purpose of impeachment, or to refresh his recollection under the rules of evidence.' Such a practice, if followed, would tend to nullify the beneficial purposes of Rule 19." (*Rose v. Chicago* (1942), 317 Ill. App. 1, 44, 45 N.E.2d 717, 736.)

In reviewing the use of the deposition excerpts in the case at bar, we must agree with the *Rose* court in its statement:

> "* * * We can readily understand why defendant would have preferred that such a procedure be followed, but plaintiff was not obliged to follow defendant's wishes in the matter, and the deposition was competent evidence. * * *" *Rose v. Chicago* (1942), 317 Ill. App. 1, 36, 45 N.E.2d 717, 733.

In support of the hearing officer's refusal to admit the deposition excerpts, both defendants cite *Clements v. Schless Construction Co.* (1967), 91 Ill. App. 2d 19, 234 N.E.2d 578. In that case, the plaintiff had suffered a brain injury and had no recollection of the accident therein when first deposed. When deposed a second time, he recalled fragmentary parts of the occurrence. The court held that a sense of fairness required that the plaintiff be questioned concerning offered admissions under the circumstances. In the case at bar no such special circumstances exist.

Defendant Commissioner cites *Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 341 N.E.2d 172, for the same proposition. In that case, the plaintiff offered 14 passages from the discovery deposition of a dead defendant as admissions. At the request of defendant's counsel, the entire deposition, excepting certain exchanges between counsel, was admitted into evidence. The court held this was sufficient error for remandment, as defendant thus introduced self-serving material not necessary to protect against the creation of a distorted impression of the doctor's admissions. No such protection is required in the case at bar, and plaintiff is not here

introducing its own statements. Defendant Home's reliance on *Redding v. Schroeder* (1964), 54 Ill. App. 2d 306, 203 N.E.2d 616, is similarly misplaced as that case dealt with an evidence deposition read to a jury after the deponent had left the courtroom and with the necessity of compliance with the applicable rule.

■ We believe, after considering the law of the rules of evidence of Illinois pertaining to civil actions, that the exclusion of the Johnson deposition excerpts was erroneous.

As the hearing officer did not consider the deposition excerpts in formulating his findings and recommendations to the Commissioner, we do not reach the questions of whether his decision was contrary to the manifest weight of the evidence and violative of the provisions against branching in the Illinois Savings and Loan Act. As it is beyond the purview of this court to determine independently the subterfuge question, we remand this cause to the administrative agency for its determination of this factual issue. As the supreme court has stated:

> "It should be noted that the findings required by the statute and made by the director are not simple findings of readily ascertainable facts, but represent the application of expert administrative judgment to evidentiary facts. * * *" *Skokie Federal Savings & Loan Association v. Becker* (1962), 26 Ill. 2d 76, 82, 185 N.E.2d 861, 864-65.

Accordingly, the judgment of the circuit court of Warren County is reversed, and this cause is remanded with directions to vacate the order of the Commissioner and remand the application for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.