THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE J. CHRISTIANSEN, Defendant-Appellant.

Second District    No. 80-109

Opinion filed May 22, 1981.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Barbara A. Preiner, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Following a bench trial defendant, Wayne J. Christiansen, was convicted of battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3) and sentenced to a term of six months' imprisonment. He appeals, assigning as his sole claim of error that he was not proved guilty beyond a reasonable doubt since the evidence established that he acted in self defense.

Defendant's conviction arose from an altercation between defendant and Harry Bumbaugh which occurred on August 12, 1979, at the Bumbaugh residence in Lombard, Illinois. At about 8:30 p.m. defendant arrived at the Bumbaugh home to speak with Mr. Bumbaugh's stepdaughter, Brenda Ezell, and was invited in by Mrs. Bumbaugh. Defendant, Brenda and Mrs. Bumbaugh were seated around the kitchen table

conversing and Mr. Bumbaugh was leaning against the sink behind defendant. After a short time, an argument developed between defendant and Brenda and she threw beer in his face. Defendant then "flipped" a bottle cap at Brenda and slapped her in the face. According to the testimony of Mr. and Mrs. Bumbaugh, Brenda was either knocked down by the force of the blow or slid down from her chair after being slapped.

Mrs. Bumbaugh testified that despite her husband's request for defendant to leave Brenda alone, defendant kept "slapping her around." She stated that her husband then started for the phone, yelling something at defendant, and the next thing she knew, her husband was on the floor and defendant was kicking him. According to Mr. Bumbaugh's account, he started to approach defendant saying "Now that's enough" and "I guess he hit me then, or he said, 'You want some of it too' * * * I don't quite remember how it went." Mr. Bumbaugh also testified that as he approached defendant, he told him, "If I had a gun I'd probably blow your brains out," and that defendant hit him, "I guess because he thought I was going to hit him too." Defendant then rose from the table, the two locked for a second, and they backpeddled into a hallway where Mr. Bumbaugh stumbled and defendant fell on top of him. Defendant kicked Mr. Bumbaugh off of him, jumped to his feet and kicked him in the chest and arm with sufficient force to break Mr. Bumbaugh's wristwatch and cut him in the arm. Mr. Bumbaugh further stated that he would have been angry too if Brenda would have said to him what she said to defendant, and anyway it was "just a family argument."

Defendant testified in his own behalf that after he slapped Brenda, Mr. Bumbaugh "jumped" at him saying, that if he had a gun he would "probably blow [his] brains out." The two men then scuffled, locked for a second and defendant kicked Mr. Bumbaugh away which caused him to fall backwards into the hallway. Defendant stated he then fell on Mr. Bumbaugh and they scuffled again. Defendant was able to free himself and jumped up and kicked Mr. Bumbaugh in the chest and in the arm.

Based on this series of events, defendant was charged with, among other things, committing a battery against Mr. Bumbaugh. Although defendant was subsequently acquitted of the other charges, the court found him guilty of committing a battery against Mr. Bumbaugh. In making its finding the court stated that:

> "So if you believe the defendant's story, he certainly would have a defense of self-defense relative to the altercation between he and Harry Bumbaugh.
>
> If you believe the testimony of Mrs. Bumbaugh, the defendant would be guilty of the offense of battery.
> * * *

I find the defendant guilty of [battery]. Mr. Bumbaugh's attitude was that he certainly didn't want to—it was quite apparent that he did not want to be a party to the proceedings. So with that particular frame of mine [*sic*], I believe that certain weight should be given to the testimony of Mr. Bumbaugh.

Mr. Bumbaugh's testimony was that he did nothing to provoke the defendant, did not grab the defendant; that the defendant attacked, kicked Harry Bumbaugh on the basis of oral statements made to the defendant."

Defendant was thereafter sentenced to six months' imprisonment and this appeal followed.

■■ It should be noted initially that defendant did not file a post-trial motion in the trial court as is required by section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 116—1). Ordinarily, under these circumstances defendant would be deemed to have waived review of his contention that he was not proved guilty beyond a reasonable doubt. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Meitz* (1981), 95 Ill. App. 3d 1033, 420 N.E.2d 1119; *People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86.) Where, however, the alleged error relates to the sufficiency of the evidence to sustain the findings of the trial court, it has been generally held that in a bench trial a post-trial motion is not necessary to preserve such claims for review. (*People v. Eatherly* (1979), 78 Ill. App. 3d 777; 397 N.E.2d 533; *People v. Papproth* (1977), 56 Ill. App. 3d 683, 371 N.E.2d 1097; *People v. Larsen* (1977), 47 Ill. App. 3d 9, 361 N.E.2d 713; *In re Driver* (1977), 46 Ill. App. 3d 574, 360 N.E.2d 1202; *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) As the only question which defendant presents for review in the present case is the sufficiency of the evidence to sustain his conviction, his failure to raise this claim in a post-trial motion does not waive review of that issue.

Under section 7—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 7—1), a person is justified in the use of force against another "when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force * * *." It has been said that in order to establish self-defense six elements must be present: (1) that force is threatened against a person; (2) that the person threatened is not the aggressor; (3) that the danger of harm is imminent; (4) that the force threatened is unlawful; (5) that the person threatened must actually believe (a) that a danger exists, (b) that the use of force is necessary to avert the danger, (c) that the kind and amount of force which he uses is necessary; and (6) that the above beliefs are reasonable. *People v. Williams* (1965), 56 Ill. App. 2d 159, 205

N.E.2d 749; see also *People v. Seiber* (1979), 76 Ill. App. 3d 9, 394 N.E.2d 1044; *People v. Brumbeloe* (1968), 97 Ill. App. 2d 370, 240 N.E.2d 150.

Defendant essentially contends that the evidence, especially the testimony of Mr. Bumbaugh, established that defendant reasonably anticipated that he was in imminent danger of being subjected to a physical assault and that he defended himself in a reasonable manner from that attack. While defendant concedes that Mr. Bumbaugh's conditional threat that if he had a gun he would probably have blown the defendant's brains out would not alone be sufficient to trigger a physical response by defendant, he argues that the threat was uttered as Mr. Bumbaugh ran towards him and therefore defendant had reasonable grounds to believe he was in danger of Mr. Bumbaugh's imminent use of unlawful force. In this regard defendant points to Mr. Bumbaugh's testimony that defendant hit him "because he thought I was going to hit him too," and argues that defendant's belief that he was in danger was reasonable since even the victim realized that his actions would cause the defendant to believe that he was about to be the recipient of unlawful force.

■■ Defendant's arguments are not well taken. Even assuming that defendant reasonably believed that force was threatened, it is clear that he was the aggressor and that the force threatened was not unlawful. Defendant was subjecting Brenda to an unlawful use of force, and under section 7—1 of the Criminal Code, Mr. Bumbaugh was justified in coming to her defense. It is well established that

> "An accused will not be heard to complain or assert self-defense when the perilous situation with which he was confronted arose out of his own aggressive conduct in seeking the difficulty. [Citations.] Any theory of provocation on these facts will be inconsistent with this principle. Indeed, an accused's felonious conduct should not be mitigated because an innocent bystander came to the defense of a person imperiled at the hands of the accused." (*People v. Echoles* (1976), 36 Ill. App. 3d 845, 856, 344 N.E.2d 620, 628; see also *People v. Hines* (1975), 31 Ill. App. 3d 295, 334 N.E.2d 233.)

Although defendant argues that there is no evidence in the record that he was going to use any further force against Brenda and therefore Mr. Bumbaugh could not be said to have acted in her defense, the evidence equally supports the inference that Mr. Bumbaugh reasonably believed that defendant was about to strike Brenda again. Consequently, defendant was not threatened with the imminent use of unlawful force since Mr. Bumbaugh would have been justified in his belief that his intervention was necessary to protect Brenda from further attack.

■■ In addition, defendant's conduct did not fall into either of the exceptions which justify an aggressor's use of force since defendant neither reasonably believed that he was in imminent danger of death or great bodily harm and he did not exhaust every reasonable means of escape, nor did he in good faith seek to withdraw from physical contact with Mr. Bumbaugh. Ill. Rev. Stat. 1979, ch. 38, par. 7—4(c)(1) and (2).

It also appears that the kind and amount of force which defendant used was not necessary. Defendant had already freed himself from Mr. Bumbaugh and then kicked him while he lay on the floor with sufficient force to shatter his watch and cut his arm. In other words, defendant kicked Mr. Bumbaugh after whatever danger he might have presented had passed.

Moreover, in order to succeed with a claim of self-defense, defendant's beliefs regarding the threat of force, the imminent danger of harm, the unlawfulness of the force, his actual belief in the existence of the danger, the necessity of the use of force, and the amount of force, must be reasonable. The trial court, as the trier of fact, evidently considered defendant's beliefs in this regard to be unreasonable when it stated that defendant attacked Mr. Bumbaugh on the basis of oral threats and without sufficient provocation. The trial court aptly stated the posture in which the case was presented when it said "if you believe the defendant's story, he certainly would have a defense of self-defense * * * [but] * * * if you believe the testimony of Mrs. Bumbaugh, the defendant would be guilty of the offense of battery." The court further noted that it considered Mr. Bumbaugh's reluctance to testify against defendant in judging Mr. Bumbaugh's credibility. Under these circumstances, we will not disturb the trial court's determination since it cannot be said that the evidence presented on the issue of self-defense was so unsatisfactory as to raise a reasonable doubt of defendant's guilt. See *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234.

Accordingly, defendant's conviction and sentence for battery will be affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.