THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY C. THIEL, Defendant-Appellant.

Second District    No. 80-568

Opinion filed December 2, 1981.

Mary Robinson, of State Appellate Defender's Office, of Elgin, and John Reid and Brian D. Lewis, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Hartman, State's Attorney, of Freeport (Phyllis J. Perko and Gene Armentrout, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, Larry C. Thiel, was convicted following trial by jury of two counts of burglary and four counts of misdemeanor theft and was thereafter sentenced to extended terms of 10 years' imprisonment on the felony charges and to six months' imprisonment for each misdemeanor, with all sentences to run concurrently. He appeals, contending the State did not prove his guilt beyond a reasonable doubt and that the trial court erred in admitting in evidence certain rebuttal testimony. The State contends review of these issues has been waived by defendant's failure to file a post-trial motion. We affirm.

Defendant was charged with the burglary of two apartment buildings occurring on October 9, 1979, and with the theft therefrom of personal property owned by tenants. At trial, defendant's former girl-

friend, Dawn Hoover, who had lived with him during October 1979, testified that on the evening in question she accompanied defendant to the apartment buildings and saw him remove the property in question. Miss Hoover stated the stolen property was kept in their apartment until she left defendant to live with her mother, at which time most of it was moved to her mother's home. This witness was impeached by evidence of a prior conviction for burglary. She was also charged in connection with the same burglaries and thefts as defendant but testified that she had not been promised leniency in exchange for her testimony against him. She also stated her association with defendant had ceased after he had begun dating another girl. An antique dealer testified defendant had sold a lamp to him, identified as part of the stolen property, giving him a check for $35 which defendant subsequently cashed. The owners of the stolen property testified it had been removed from their apartments without their consent.

Defendant also testified and denied he committed these offenses and stated the property in question had been purchased by his former girl-friend or been given to her by her grandmother. Defendant also offered evidence through his brother that Miss Hoover had told him that her grandmother had purchased the items identified at trial as having been stolen. Another defense witness testified Miss Hoover had informed her that defendant had not committed the burglaries but was "going to go down for the rap anyway, by himself". Miss Hoover denied making these statements. Holly Love, called in rebuttal by the State, testified that defendant had told her that he had committed some burglaries during the first part of October, but he did not say where they had occurred. This testimony was admitted in evidence over defendant's objection that the State had failed to lay a proper foundation.

Defendant failed to make the written motion for new trial specifying the grounds therefor required after jury trial by section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 116—1). The general rule is that failure to specifically raise a claim of error in a post-trial motion constitutes a waiver precluding consideration of such issues on review. *People v. Jackson* (1981), 84 Ill. 2d 350, 358-59, 418 N.E.2d 739, 743; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027, 1029; *People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233, 238; *People v. Foster* (1979), 76 Ill. 2d 365, 380, 392 N.E.2d 6, 12; *People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227, 231; see also *Wilson v. Clark* (1981), 84 Ill. 2d 186, 189, 417 N.E.2d 1322, 1324; *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 348-49, 415 N.E.2d 337, 339.

■■ When a claim of error has not been so preserved it will only be considered by a reviewing court under the plain error doctrine set forth in

Supreme Court Rule 615(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)), which provides as an exception that:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

This exception, however, "does not mandate that a reviewing court consider all errors involving substantial rights." (*People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227, 231.) Nor does it "operate in the nature of a general saving clause preserving for review all errors affecting substantial rights * * *." *People v. Roberts* (1979), 75 Ill. 2d 1, 16, 387 N.E.2d 331, 338.

In the development of the waiver rule in the many recent cases in which our supreme court has considered its application, the court has not directly addressed whether the rule will apply to the issue of whether a defendant was proved guilty beyond a reasonable doubt. Earlier cases, notably *People v. Walker* (1955), 7 Ill. 2d 158, 130 N.E.2d 182, held that a failure of proof was so fatal to a judgment of conviction that it could be raised for the first time on appeal. This court considered *Walker* controlling in *People v. Flowers* (1977), 52 Ill. App. 3d 301, 367 N.E.2d 453, as have other reviewing courts. (*E.g., People v. Harrawood* (1978), 66 Ill. App. 3d 163, 383 N.E.2d 707, *appeal denied* (1979), 74 Ill. 2d 588.) Other courts distinguish *Walker*, however, as simply an example of an application of the plain error exception to the waiver rule rather than as outside its scope. See, *e.g., People v. Starnes* (1980), 88 Ill. App. 3d 1141, 411 N.E.2d 125; *People v. Richardson* (1977), 49 Ill. App. 3d 170, 363 N.E.2d 924; *People v. Hammond* (1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361; *People v. Smith* (1977), 45 Ill. App. 3d 66, 359 N.E.2d 228, *aff'd* (1978), 71 Ill. 2d 95, 374 N.E.2d 472.

■■ In light of recent pronouncements of our supreme court directed to the question of waiver of error, and the procedural considerations making such a rule necessary, we consider that the issue of whether the State has failed to prove the essential elements of its case is also subject to the waiver rule unless first presented to the trial court by a post-trial motion. We will address the claims of error raised by defendant for the first time on appeal to the extent necessary to determine whether they require full consideration as a plain error exception to that rule.

The "reasonable doubt" issue raised by defendant arises from the conflicting evidence which was presented to the jury for resolution. Defendant notes minor inconsistencies in the testimony of Dawn Hoover, her personal bias against him and that she testified as an accomplice as factors affecting her credibility as a witness. Her testimony was, however, corroborated, in part, by other witnesses and by admissions attributed to defendant.

■■ It is the function of the jury to determine credibility of the witnesses,

the weight to be given their testimony and the inferences to be drawn therefrom *(People v. Wilson* (1977), 66 Ill. 2d 346, 349, 362 N.E.2d 291, 292; *People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733, 734.) A conflict in the testimony does not, by itself, create a reasonable doubt of guilt *(People v. Gonzales* (1978), 60 Ill. App. 3d 980, 990, 377 N.E.2d 91, 99), and accomplice testimony may, if believed by the jury, be sufficient to sustain a conviction. *(People v. Wilson* (1977), 66 Ill. 2d 346, 349, 362 N.E.2d 291, 292; *People v. Hansen* (1963), 28 Ill. 2d 322, 332, 192 N.E.2d 359, 365, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665.) We conclude there is no basis presented upon which defendant may avoid the waiver rule as to the issue of reasonable doubt, and we will not consider it further.

Defendant also contends the trial court erred in admitting certain rebuttal testimony relating to his admissions without proper foundation. We find the ruling of the court was correct and no error occurred. See *People v. Bell* (1975), 27 Ill. App. 3d 171, 326 N.E.2d 507; see also *Buck v. Maddock* (1897), 167 Ill. 219, 47 N.E. 208; *Security Savings & Loan Association v. Commissioner of Savings & Loan Associations* (1979), 77 Ill. App. 3d 606, 396 N.E.2d 320.

For the foregoing reasons the judgment of the circuit court of Stephenson County will be affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.