THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND KING, Defendant-Appellant.

Third District   No. 3—86—0152

Opinion filed January 14, 1987.

Nancy Rink Carter, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Howard R. Wertz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Raymond King, was charged with robbery in violation of section 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 18—1). The charge alleged that on September 28, 1985, the defendant and a codefendant, who was tried separately, took United States currency from the person of Willie Wyatt by use of force. After a jury trial, the defendant was found guilty. The defendant appeals his conviction, citing as error that he was not proved guilty beyond a reasonable doubt.

The prosecution called one witness in this case, the victim, Willie Wyatt. Wyatt stated that at approximately 11:30 p.m. on September 28, 1985, he saw Raymond King standing in front of a pool hall with the codefendant in the 400 block of Chicago Street, Kankakee, Illinois. Wyatt stated that he recognized Raymond King and the codefendant because he had gone to school with them for approximately six years and had played basketball with them. Wyatt entered the pool hall to get some change. When he left the pool hall, King and the codefendant each asked Wyatt for a dollar. Wyatt refused their requests and continued walking toward his home several blocks away. Soon thereafter, Wyatt was grabbed from behind by King, who held his arms while the codefendant took five $1 bills from his front left pocket.

On cross-examination it was elicited from Wyatt that he was 5 feet 9 inches tall and weighed 140 pounds. The parties stipulated that if patrolman Foster of the Kankakee police department were called to testify, he would say that in the course of the investigation of the incident, Wyatt described King as being approximately 5 feet 8 inches tall and weighing 160 pounds. At no time during trial was Wyatt questioned whether the Raymond King that accosted him on September 28, 1985, was the same Raymond King as the defendant in this case, nor was the witness asked to point out the perpetrator.

After both counsel completed questioning Wyatt, the court interjected itself into the proceedings as follows:

"All right. Before you leave, Mr. Wyatt, I want to to step down to the counsel table. Mr. King, I want you to step up on this end of it. I want to see what you two gentlemen look like standing next to each other. Just stand at the end of the table and face me for a second. All right. Then turn toward the jury and, Mr. King, kind of walk around so we can compare you in size. Mr. King, you can sit back down. Mr. Wyatt, you are excused."

The defendant testified in his own behalf and was the only witness called by the defense. He testified that he was 5 feet 6 inches tall and weighed 148 pounds on the date of the occurrence. He denied any involvement in the crime and stated that he attended a party at a private home on the date in question and was there continuously between 9 p.m. and 1:30 a.m. At the close of all evidence, the jury returned a verdict of guilty. The defendant claims on appeal that his conviction must be reversed because he was not proved guilty beyond a reasonable doubt.

■ Initially, we address the State's argument that the defendant waived the reasonable doubt issue by failing to raise it in his post-trial motion. The general rule is that failure to raise an issue in the post-trial motion constitutes a waiver of the issue and it cannot be urged as ground for reversal on review. There are exceptions to the general rule, such as where the reviewing court finds plain error. (*People v. Pickett* (1973), 54 Ill. 2d 280.) Whether the general rule applies to the defendant's argument on appeal, that he was not proved guilty beyond a reasonable doubt, has been a subject of disagreement and confusion among and within the districts of the Illinois Appellate Court. It seems that the various districts have disagreed on the correct interpretation of *People v. Walker* (1955), 7 Ill. 2d 158, which held that the failure to prove a material allegation of an indictment beyond a reasonable doubt is fatal to a judgment of conviction, and the question may be raised for the first time on review.

For example, in the instant case, the State relies on the case of *People v. Thiel* (1981), 102 Ill. App. 3d 28, to support its position that the defendant waived the reasonable doubt issue by failing to raise it in his post-trial motion. In *Thiel*, the defendant was convicted of two counts of burglary and four counts of misdemeanor theft following a jury trial. He appealed, contending that he was not proved guilty beyond a reasonable doubt. The State argued that the issue of reasonable doubt had been waived by the defendant's failure to file a post-trial motion. The court agreed, finding that *Walker* did not control and that the reasonable doubt issue could only be considered in light of the plain-error exception. (Accord, *People v. Starnes* (1980), 88 Ill. App. 3d 1141.) However, *Thiel* has been put into doubt by the more recent decisions of *People v. Marron* (1986), 145 Ill. App. 3d 975, and *People v. Friesland* (1985), 109 Ill. 2d 369.

In *Marron*, the defendant was found guilty of battery following a jury trial. On appeal, he alleged that he was not proved guilty beyond a reasonable doubt, though he had not raised that issue in a post-trial motion. In determining whether the reasonable doubt issue had been waived, the court cited to the supreme court case of *People v. Friesland*, which states:

> "Exceptions to [the waiver] rule have been made with regard to the failure to prove a material allegation of an indictment (*People v. Walker* (1955), 7 Ill. 2d 158, 160), or in those instances in which the allegation of error would not normally be expected to be included in the post-trial motion (such as an allegation of ineffective assistance of counsel) [citation], or if a reviewing court elects to take notice of plain errors affecting substantial rights pursuant to our Rule 615(a) [citation]." (*People v. Friesland* (1985), 109 Ill. 2d 369, 374.)

The *Marron* court then held:

> "[t]he first exception stated in *Friesland* applies to defendant's argument that he was not proved guilty beyond a reasonable doubt, and, accordingly we will review that issue. (But see *People v. Thiel* (1981), 102 Ill. App. 3d 28, 429 N.E.2d 565.)." *People v. Marron* (1986), 145 Ill. App. 3d 975, 977.

Thus, the court reversed its position in *Thiel* and allowed the defendant to raise the issue of reasonable doubt for the first time on appeal. (Accord, *People v. Harrawood* (1978), 66 Ill. App. 3d 163, *appeal denied* (1979), 74 Ill. 2d 588; *People v. McBrien* (1986), 144 Ill. App. 3d 489.) We believe that this is the better rule. Therefore, we will consider the defendant's argument.

The defendant claims that he was not proved guilty beyond

a reasonable doubt where the State failed to identify him as the person who committed the crime. In a criminal case, one of the essential elements which the State must prove beyond a reasonable doubt is the identity of the accused as the one who committed the crime charged. Also, mere testimony referring to a person with the same name as the defendant as the one who committed the crime is not sufficient proof that the defendant committed it. (*People v. Dante* (1966), 35 Ill. 2d 538.) However, where identity is not proved by direct, in-court identification, it may properly be inferred from all the facts and circumstances in evidence and the course of the trial proceedings. *United States v. Weed* (7th Cir., 1982), 689 F.2d 752; see also *People v. Cantrell* (1978), 55 Ill. App. 3d 270; *People v. Weathers* (1976), 40 Ill. App. 3d 211.

We believe that the instant situation differs from that presented in *Dante* where the evidence merely showed that persons with the same names as the defendants allegedly committed the crime. In the context of this trial, it is clear that the references to Raymond King were references to the defendant Raymond King. The prosecution witness did not state that the defendant was not the same Raymond King that accosted him on September 28, 1985, and the witness was familiar with King since he had gone to school and played basketball with him. Both the prosecution and the defense interspersed references to "Raymond King" with references to "the defendant." The prosecutor also made a reference to "the defendant in this case, Raymond King," and the defense counsel to "Raymond King, the defendant." At no time did the defense counsel raise an objection to the prosecutor's references to the defendant as the Raymond King that committed the crime.

■ We also have the action of the trial judge in apparent response to the defense counsel's questions regarding the comparative size and weight of the victim and the perpetrator. The trial judge requested that the victim and the defendant stand side by side and face the jury. He also had the defendant walk around "so we can compare you in size." This sufficiently identified the defendant as the same Raymond King that was being discussed during the course of the trial, and the jury could properly determine beyond a reasonable doubt that the defendant Raymond King was the same Raymond King that committed the robbery. Accordingly, we affirm the judgment of the circuit court of Kankakee County.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.