THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT BARTLETT, Defendant-Appellant.

Second District   No. 2—87—0161

Opinion filed October 21, 1988.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Following a bench trial defendant, Albert Bartlett, was convicted of battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(a)(2)), resisting a peace officer (Ill. Rev. Stat. 1985, ch. 38, par. 31—1), and criminal damage to State-supported property (Ill. Rev. Stat. 1985, ch. 38, par. 21—4(a)), such offenses stemming from confrontations with police officers on May 28, 1986. The trial court sentenced defendant to three concurrent terms of nine months in the county jail. On appeal, defendant challenges only the conviction for criminal damage to State-supported property, arguing that he was not proved guilty beyond a rea-

sonable doubt. We agree and reverse the criminal damage conviction.

At trial, James Lullo testified that he was working on the evening of May 28, 1986, as a security officer for a clothing store in Addison, Illinois. From the entryway of the store, Lullo observed the defendant changing a flat tire on his car in the store parking lot and he appeared to be swaying back and forth.

Lullo called the Addison police and Officers Muniz and Krutzkowsky arrived in a marked car. Lullo left the store upon the arrival of the officers and made his way through the parking lot to the scene, where the defendant was yelling profanities at Officer Muniz and waving his arms. At one point, the defendant said "F---you" to Muniz and, in an upward motion with his finger, hit Muniz in the face. The defendant was then placed under arrest for battery.

Officer Barry Muniz testified that he was employed as an Addison police officer at the time of the incident and was called to the scene at the parking lot to check on an intoxicated subject. Upon seeing the defendant, Muniz observed that he was very intoxicated and told him that he should look for another way home. After further brief small talk about the defendant's drinking, Muniz asked the defendant for identification. The defendant thereupon became upset and started swearing. For two or three minutes, the defendant swore at Muniz and pointed a finger at Muniz' face. Suddenly, the defendant "motioned up with his hand" and struck Muniz in the chin with his fingers; he was placed under arrest for battery and was transported in Muniz' car to the police station.

Officer Muniz further testified that following his booking, the defendant was placed in a holding cell and, pursuant to department regulations, Muniz asked the defendant to surrender his boots. The defendant refused. Officer Muniz called for assistance, and while he and Officer Hardt held the defendant, Officer Pope removed the defendant's boots. During this time, defendant fought the officers, kicking Pope and pushing Hardt against the wall.

Muniz returned to the booking room to finish his report. A short time later, Muniz noticed a foul smell coming from the cell area. Upon investigation, he saw human excrement and toilet paper thrown on the wall.

At the close of the State's case, defendant's counsel moved for a directed verdict on all the charges. In particular, counsel argued that there was inadequate proof that there was any damage to State-supported property. The trial court denied the motion.

Defendant testified that he was changing a flat tire in the parking lot when police officers arrived and asked to see his driver's license.

He responded by telling the officers that they knew he did not have the license. He stated that Officer Muniz kept harassing him and that he told Muniz, "Get away from me you Chink." Defendant stated that as he was about to close the trunk of his car, Muniz jumped on him from behind and placed the defendant in a bear hug. Defendant spun around, and his hand went up, accidentally striking the chin of the officer. He was then placed under arrest for battery. Defendant denied being uncooperative at that time.

The defendant stated that he was not taken to booking, but went straight to a holding cell. He was angry over the battery charge because he felt that he did not deserve it and threw some wet, soiled toilet paper on the wall of the holding cell area. About 10 to 15 minutes later, four or five police officers came into the cell, jumped on him, and twisted his arm behind his back; he subsequently noticed that his bootlaces were cut off. Defendant further testified that he was not aware that the paper he threw against the wall contained excrement.

Following brief rebuttal testimony, the parties rested, and the court found the defendant guilty of all of the charges.

■ The Criminal Code of 1961 provides that a person commits criminal damage to State-supported property when he:

"Knowingly damages any property supported in whole or in part with State funds or Federal funds administered or granted through State agencies without the consent of the State ***." Ill. Rev. Stat. 1985, ch. 38, par. 21—4(a).

The complaint alleges that the defendant committed the above offense in that he:

"Knowingly damaged, without the consent of the State of Illinois, the holding cell (lockup) area of the Police Department of Addison, located at 131 W. Lake St., Addison, Du Page County, Illinois, which property is supported wholly with State of Illinois funds, said damage being less than $500.00. Damage consisting of fecal (human excrement) matter and wet toilet paper splattered against the wall of the lockup romm [sic]."

Defendant argues that to establish the commission of criminal damage to State-supported property, the State must prove beyond a reasonable doubt that the damaged property was supported by State funds or Federal funds administered by State agencies and, absent proof of this element of the offense, the conviction cannot stand.

■ The State responds that this issue is waived because defendant did not raise it in the trial court other than by way of a general oral motion for a new trial. The State's reliance on *People v. Thiel*

(1981), 102 Ill. App. 3d 28, 429 N.E.2d 565, is misplaced. Subsequent decisions have modified *Thiel*, which merely applied the general rule that defendant's failure to specifically raise a claim of error in a post-trial motion constitutes a waiver of the issue on appeal in the absence of plain error. At the time *Thiel* was decided, our supreme court had not directly addressed whether the rule would apply to the issue of whether a defendant was proved guilty beyond a reasonable doubt. However, in *People v. Marron* (1986), 145 Ill. App. 3d 975, 496 N.E.2d 297, we decided to review the issue of whether a defendant was proved guilty beyond a reasonable doubt as an exception to the general rule that the failure to move for a new trial results in a waiver of the issue sought to be raised on appeal. The exception encompasses the failure to prove a material allegation in the charging instrument. *Marron*, 145 Ill. App. 3d at 977, 496 N.E.2d 299; see also *People v. King* (1987), 151 Ill. App. 3d 644, 647, 503 N.E.2d 384, 386.

In *People v. Enoch* (1988), 122 Ill. 2d 176, 190, 522 N.E.2d 1124, 1131-32, our supreme court has noted three exceptions to the waiver rule in criminal cases where no post-trial motion has been filed. The court held:

> "[W]hen the defendant fails to comply with the statutory requirement to file a post-trial motion, *** review will be limited to constitutional issues which have properly been raised at trial and which can be raised later in a post-conviction hearing petition (Ill. Rev. Stat. 1983, ch. 38, par. 122—1), sufficiency of the evidence, and plain error." (122 Ill. 2d at 190, 522 N.E.2d at 1131-32.)

We note that the requirement of a written motion can be waived if a defendant makes an oral motion for a new trial and the State does not object. The defendant may then avail himself of any ground for a new trial which might appear in the record. *Enoch*, 122 Ill. 2d at 188, 522 N.E.2d at 1130.

■ In this case, the State did not object to defendant's oral motion for a new trial and therefore cannot now argue waiver on appeal. To the extent that the alleged error relates to the sufficiency of the evidence needed to sustain the conviction, and since, in this case, it was not necessary for the defendant to preserve such a claim in the post-trial motion, we will review it. See *People v. Christiansen* (1981), 96 Ill. App. 3d 540, 542, 421 N.E.2d 570, 572.

■ Throughout a criminal trial, the prosecution has the burden of proving beyond a reasonable doubt all of the material and essential elements constituting a crime. (*People v. Lynch* (1987), 151 Ill. App. 3d 987, 990, 503 N.E.2d 857, 858, *appeal denied* (1987), 115 Ill. 2d 546,

511 N.E.2d 434.) A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. Rather, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Saldana* (1986), 146 Ill. App. 3d 328, 334, 496 N.E.2d 757, 762.

In this case, the State was required to prove that the damaged property, the holding cell, was supported by State funds or Federal funds administered by State agencies. The record offers no such proof; however, the State requests this court to take judicial notice of the manner in which police lockups are funded. We decline to supply the proof of a missing element of the offense which would require this court, in effect, to assume the role of advocate for the State on appeal, and would be contrary to the principles of proper judicial review. (*People v. Logan* (1974), 16 Ill. App. 3d 870, 307 N.E.2d 200, 201.) Instead, we will act only on the record as presented rather than assume a state of facts unwarranted by the record. See, *e.g., People v. Dent* (1939), 371 Ill. 33, 34, 19 N.E.2d 1020, 1021.

Since the record lacks any competent evidence that the damaged jail property was supported by State or Federal funds, the State has not proved an essential element of the offense and the trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. We reverse that part of the judgment pertaining to the conviction for criminal damage to State-supported property.

Reversed.

REINHARD and WOODWARD, JJ., concur.