NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240668-U

NO. 4-24-0668

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 2, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ANTAR BAKER, | ) | No. 23CM1012 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Tamika R. Walker, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Lannerd and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed defendant's conviction for criminal trespass to state-
supported land because the evidence was insufficient to prove beyond a
reasonable doubt defendant committed the offense.

¶ 2    Following a January 2024 bench trial, the trial court found defendant, Antar

Baker, guilty of criminal trespass to State-supported land (720 ILCS 5/21-5(a) (West 2022)). In

April 2024, the court sentenced defendant to 18 months' court supervision. On appeal, defendant

argues the evidence was insufficient to prove him guilty beyond a reasonable doubt of criminal

trespass to State-supported land. For the following reasons, we reverse defendant's conviction.

¶ 3                                  I. BACKGROUND

¶ 4    In May 2023, the State charged defendant with one count of criminal trespass to

State-supported land (720 ILCS 5/21-5(a) (West 2022)) (count I) and one count of disorderly

conduct (720 ILCS 5/26-1(a)(1) (West 2022)) (count II).

¶ 5          In January 2024, the matter proceeded to a bench trial. The evidence established that in May 2023, a city council meeting occurred at Rockford City Hall, where the mayor delivered his state of the city address. During the address, defendant and another individual entered the area reserved for city council members and began protesting, yelling, and disrupting the meeting. An officer walked defendant out of the city council chambers and advised him to leave the premises. Shortly thereafter, defendant returned to the doorway of the city council chambers and began yelling. The same officer escorted defendant out of the chambers and arrested him.

¶ 6          Todd Cagnoni testified he had been the city administrator for the City of Rockford since May 2017. The State asked Cagnoni, "Is the city counsel [*sic*] building—how is that funded?" Cagnoni responded, "With tax dollars."

¶ 7          At the close of the State's case, defendant moved for a directed verdict. The trial court granted the motion as to count II and denied the motion as to count I.

¶ 8          During its closing argument, the State argued as follows:

"The first proposition is that the defendant knowingly remained on the state supported land. And the land is supported in a whole or in part by state funds or federal funds. *** Todd Cagnoni also testified that the building they were in was supported by tax funds that's funded by the state."

¶ 9          The trial court found defendant guilty of count I. Thereafter, the court sentenced defendant to 18 months' court supervision.

¶ 10          This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12          Defendant contends the State failed to prove him guilty beyond a reasonable

doubt of criminal trespass to State-supported land because the evidence was insufficient to prove Rockford City Hall was supported with State funds.

¶ 13     When reviewing a challenge to the sufficiency of the evidence, we consider whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Quiroga*, 2015 IL App (1st) 122585, ¶ 15. "A reviewing court will not overturn the decision of the trier of fact unless the evidence appears to be so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of [the] defendant's guilt." *Quiroga*, 2015 IL App (1st) 122585, ¶ 15. Under this standard, we afford great deference to the trial court's findings on witness credibility, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence. *People v. Carr*, 2013 IL App (3d) 110894, ¶ 17. "Those findings, however, are not conclusive, and may be reversed on appeal if the record evidence compels the conclusion that no reasonable person could accept them." (Internal quotation marks omitted.) *People v. Little*, 2018 IL App (1st) 151954, ¶ 36.

¶ 14     To sustain a defendant's conviction for criminal trespass to State-supported land, the State must prove (1) State funds or federal funds administered through a State agency supported the land or any building on the land in whole or in part, (2) the defendant received notice forbidding his entry, and (3) after receiving notice, the defendant interfered with another person's use or enjoyment of the land. 720 ILCS 5/21-5(a) (West 2022). The statute defines "State" to mean "the State of Illinois." 720 ILCS 5/2-21 (West 2022). Proof that the building or land is supported by State funds is not a technical point, but rather an essential element of the offense of criminal trespass to State-supported land. *Cf. People v. Henderson*, 223 Ill. App. 3d 131, 134 (1991) (stating the same for the offense of criminal damage to State-supported

- 3 -

property).

¶ 15    Defendant does not dispute the State proved the second and third elements. Therefore, we will address only whether the State met its burden in proving the first element beyond a reasonable doubt. We note defendant does not argue that the State presented no evidence as to whether Rockford City Hall was supported by State funds. This distinguishes the present case from *People v. Bartlett*, 175 Ill. App. 3d 686, 691 (1988), where the reviewing court reversed the defendant's conviction for criminal damage to State-supported property (Ill. Rev. Stat. 1985, ch. 38, ¶ 21-4(a)) based on the State's failure to present *any* evidence that the damaged property was supported by State funds. Rather, defendant asserts Cagnoni's testimony was insufficient to prove this element of the offense. The State elicited the following testimony from Cagnoni:

> "Q. Is the city counsel building—how is that funded?
>
> A. With tax dollars.
>
> Q. Okay."

Defendant argues Cagnoni's statement that the building was funded "[w]ith tax dollars" was insufficient to give rise to the inference that Rockford City Hall was supported by State funds.

¶ 16    Relying on Justice Schmidt's special concurrence in *Carr*, 2013 IL App (3d) 110894, ¶¶ 32-33 (Schmidt, J., specially concurring), the State argues the evidence was sufficient to give rise to the inference that Rockford City Hall was supported with State funds.

¶ 17    In *Carr*, the State charged the defendant with criminal damage to government-supported property (720 ILCS 5/21-4(1)(a) (West 2010)) after he allegedly kicked and shattered the rear window in an Illinois State Police (ISP) vehicle. *Carr*, 2013 IL App (3d) 110894, ¶ 6. At the bench trial, the State called an ISP fleet maintenance officer, who testified that he

"assum[ed]" ISP vehicles were purchased and maintained with State funds. *Carr*, 2013 IL App (3d) 110894, ¶ 9. The trial court found defendant guilty, and the appellate court affirmed, holding the fleet maintenance officer's assumption was sufficient to prove the damaged ISP vehicle was government-supported property. *Carr*, 2013 IL App (3d) 110894, ¶¶ 14, 21. Justice Schmidt specially concurred and emphasized the vehicle belonged to an ISP trooper, had " 'State Police' " written on the outside of the vehicle, and had ISP license plates. *Carr*, 2013 IL App (3d) 110894, ¶ 28 (Schmidt, J., specially concurring). Justice Schmidt concluded this circumstantial evidence created a reasonable inference which alone was sufficient to prove the vehicle was government-supported property. *Carr*, 2013 IL App (3d) 110894, ¶¶ 32-33 (Schmidt, J., specially concurring).

¶ 18        We find Justice Schmidt's special concurrence inapplicable to the present case. Although an earlier version of the offense of criminal damage to government-supported property contained the same element requiring that the property be supported in whole or in part with State funds (see Ill. Rev. Stat. 1985, ch. 38, ¶ 21-4(a)), the statute was expanded in 1996 to address criminal damage to "any property supported in whole or in part with State funds, *funds of a unit of local government or school district*, or federal funds administered or granted through State agencies." (Emphasis added.) 720 ILCS 5/21-4(1)(a) (2010); see Public Act 89-30 (eff. Jan. 1, 1996) (amending 720 ILCS 5/21-4). Accordingly, Justice Schmidt made no distinction between property supported by State funds, as opposed to local funds, as that distinction was not required under the later version of the statute. See *Carr*, 2013 IL App (3d) 110894, ¶ 33 (Schmidt, J., specially concurring). However, the distinction between State funds and local funds is consequential for the offense of criminal trespass to State-supported land, as the statute does not prohibit trespassing on land that is supported by purely local funds. See 720 ILCS 5/21-5(a)

(West 2022).

¶ 19    Moreover, the circumstances in *Carr* which allowed for a reasonable inference of State funding are not present in this case. As noted by Justice Schmidt, the damaged vehicle at issue in *Carr* had multiple direct links to the State—the vehicle was operated by an ISP trooper, had the word "State" written on the outside of the vehicle, and mounted to the vehicle were ISP license plates. *Carr*, 2013 IL App (3d) 110894, ¶ 28 (Schmidt, J., specially concurring). In this case, the evidence at trial established that Rockford City Hall was municipal property, which was utilized for municipal operations, such as city council meetings. Further, the only reference to State funding at trial was during the State's closing argument, where it inaccurately stated that Cagnoni identified the State as a source of the tax funds supporting Rockford City Hall. Even when viewing the evidence in a light most favorable to the State, Cagnoni's testimony is insufficient to establish an inference that Rockford City Hall was supported in whole or in part with State funds.

¶ 20    Although it is true the reviewing court draws all reasonable inferences from the evidence in favor of the State (*Little*, 2018 IL App (1st) 151954, ¶ 36), we must draw the line at conjecture or the assumption of an essential element of the crime (*People v. Laubscher*, 183 Ill. 2d 330, 335-36 (1998)). This is a case where one more question by the State regarding the source of the "tax dollars" supporting Rockford City Hall could have resolved the ambiguity on this element. See *Carr*, 2013 IL App (3d) 110894, ¶ 21 (State funding proved where the officer "assumed" the squad car was supported by State funds); *People v. Smith*, 2012 IL App (2d) 101199-U, ¶ 18 (State funding proved where two officers testified it was "common knowledge" that the police department was supported by State funds). Here, without more, we would be impermissibly speculating as to whether Rockford City Hall was supported in whole or in part

- 6 -

with State funds in order to find the State established an essential element of the offense—something we are not, and should not be, willing to do.

¶ 21     Accordingly, we conclude insufficient evidence exists to support defendant's conviction for criminal trespass to State-supported land.

¶ 22                              III. CONCLUSION

¶ 23     For the reasons stated, we reverse the trial court's judgment.

¶ 24     Reversed.